WARNER *against* SHAFER.

On certiorari to a Justice's Court. There was a demurrer to the assignment of errors, and judgment for the defendant; and in taxing the costs the commissioner allowed not only a draft of the demurrer book, but a copy for the defendant's attorney. On this ground among others,

*H. Hamilton*, for the plaintiff, moved for a re-taxation.

*T. Lawyer*, contra.

*Curia.* Here are both a draft of the demurrer book, and a copy for the defendant's attorney charged and allowed; or, in other words, two copies for himself. This was unnecessary. The draft would have answered him every useful purpose. The charge for the copy is wrong and should be deducted.

Rule accordingly.

*Jackson
v.
Peer.*

*The attorney for the party who demurs is not entitled to make out, and charge a copy of the demurrer book for himself.*

JACKSON *against* PEER.

TRESPASS for the mesne profits of land recovered in an action of ejectment, brought by Jackson, as nominal plaintiff, on the demise of M. S. & J. A. Freeman, against the defendant. The present action was also in the name of Jackson, the nominal plaintiff in the ejectment.

*J. Houghton*, for the defendant, moved that all proceedings on the part of the plaintiff be stayed until security should be given for answering the defendant's costs, and cited Run. on Ej. 439, and *Frary* v. *Dakin*, (8 John. Rep. 353.)

*A Dixon*, contra.

*Curia.* It seems, by Runnington, 439, to be the practice of the English Courts to require security for costs, where

*Where the action for mesne profits is brought in the name of the nominal plaintiff in ejectment, the court will stay proceedings on his part, till security for costs be filed.*

ALBANY,
Feb. 1825.

Mann
v.
Carley.

the suit for mesne profits is brought in the name of the nominal plaintiff. We grant the rule as moved for.

Motion granted·

---

MANN *against* GERARDUS Q. CARLEY, sued by the name of GRAUTIS Q. CARLEY, impleaded with WALTON and DE GROFF.

CHAPIN *against* GERARDUS Q. CARLEY, who is sued by the name of QUARTUS Q. CARLEY, impleaded with DE GROFF, WALTON and MEACH.

Grautis & Gerardus are different names.
So are Quartus and Gerardus.
A defendant, sued by a wrong name, may plead the misnomer in abatement, after he has appeared and given notice thereof specially.
And in a case where he moved before appearance, the court set aside the *capias* and subsequent proceedings for irregularity.
But they refused to do this in a case where the defendant had appeared, though specially.
And they will not hereafter do it in any case ; hav-

THE *capias ad respondendum* in the first cause, returnable at the last October term, was issued against Carley, by the name of Grautis Q. Carley ; whereas his real name was Gerardus Q. Carley. The *capias* contained no *ac etiam*, and was served on Carley and Walton. Carley's attorney gave notice of retainer, entitled, " Gerardus Q. Carley, who is sued by the name of Grautis Q. Carley, impleaded, &c. ads. John M. Mann." A declaration, endorsed *de bene esse*, was delivered to the agent of the defendant's attorney on the 13th day of December last. The declaration was against the defendant by his right name, stating that he was sued by the name of Grautis Q. Carley. The notice of this motion was served on the 20th December last, with an order to stay proceedings, &c.

At an early day in the present term,

*A. C. Paige* for Carley, moved to set aside the *capias* and all subsequent proceedings, on the part of the plaintiff, in the first cause, for irregularity.

He said, it is now well established, that proceedings in a cause will be set aside for a misnomer of the defendant, where the application is made before the time for pleading in abatement has expired. (*Smith* v. *Innes*, 4 M. & S. 360. *Wilks* v. *Lorck*, 2 Taunt. 399. *Greenslade* v. *Rotheroe*, 2

ing adopted a general rule, that, hereafter, the misnomer of the defendant shall in all cases be pleaded in abatement.

There are only three ways for the defendant to appear in a cause, viz., by putting in special bail, filing common bail, or causing his appearance to be entered. Giving notice of retainer is not an appearance.